# RULES OF JUVENILE COURT PROCEDURE

## DELINQUENCY MATTERS

*Table of Rules*

### CHAPTER 1

\* \* \*

### PART D
### MASTERS

182.  Qualifications of Master
185.  Appointment to Cases
187.  Authority of Master
190.  Admissions Before Master
191.  Master's Findings and Recommendation to the Judge
192.  Challenge to Master's Recommendation

\* \* \*

**RULE 182.   QUALIFICATIONS OF MASTER**

A. **Education, Experience, and Training.**   To **[be eligible to be appointed as a master to]** preside **as a master** over cases governed by the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.,* an individual shall:

   1)  be a member, in good standing, of the bar of this Commonwealth;

   2)  have been licensed to practice law for at least five consecutive years; and

   3)  have completed six hours of instruction, approved by the Pennsylvania Continuing Legal Education Board prior to hearing cases, which specifically addresses all of the following topics:

      a)  the Juvenile Act;

      b)  the Pennsylvania Rules of Juvenile Court Procedure;

      c)  the penal laws of Pennsylvania;

      d)  the Child Protective Services Law;

      e)  evidence rules and methodology;

      f)   child and adolescent development; and

      g)  the collateral consequences of an adjudication of delinquency.

B. **Continuing Education.  Upon meeting the requirements of paragraph (A)(3), [A]a** master shall **thereafter** complete six hours of instruction from a course(s) designed by the Juvenile Court Judges' Commission, in juvenile delinquency law, policy, or related social science research every two years **[from the initial appointment as master]**.

C. **Compliance.**

   1)  A master shall sign an affidavit attesting that he or she has met the requirements of this rule.

   2)  Prior to **[appointment]presiding** as a master, the **attorney shall send the** affidavit **[shall be sent]** to the President Judge or his or her designee of each judicial district where the attorney is seeking **[appointment]to preside** as a master.

3) After submission of the initial affidavit pursuant to paragraph (C)(2), masters shall submit a new affidavit every two years attesting that the continuing education requirements of paragraph (B) have been met.

**COMMENT**

Pursuant to paragraphs (A)(1) & (2), masters are to be in good standing and have at least five consecutive years of experience as an attorney. It is best practice to have at least two years of experience in juvenile law.

Pursuant to paragraph (A)(3), the initial training program(s) is to be approved by the Pennsylvania Continuing Legal Education Board (Board). The program may be one course or multiple courses with at least six hours of instruction, equivalent to at least six CLE credits. When the Board is approving courses designed to address the requirements of this rule, it should consult with the Juvenile Court Judges' Commission to ensure proper course requirements are being met. Additionally, for this initial training course(s), training already provided by the Juvenile Court Judges' Commission or the Office of Children and Families in the Courts may meet the requirements of this Rule.

For continuing education under paragraph (B), masters are to attend six hours of instruction from a course or multiple courses designed by the Juvenile Court Judges' Commission. This is to ensure uniform training among masters.

These requirements are additional requirements to the Pa.R.C.L.E. because they mandate specific training in juvenile delinquency law. However, the credit hours received do count towards the total maximum required under Pa.R.C.L.E. 105.

Pursuant to paragraph (C), a master is to certify to the court that the requirements of this rule have been met prior to **[the appointment]presiding** as a master, and submit new affidavits every two years thereafter.

**Official Note:** Rule 182 adopted September 11, 2014, **amended July 13, 2015,** effective **[October 1, 2016] August 1, 2017**.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 182 published with the Court's Order at 44 Pa.B. 6087 (September 27, 2014). **Final Report explaining the amendments to Rule 182 published with the Court's Order at - Pa.B. - (-).**

3

# DEPENDENCY MATTERS

## CHAPTER 11

\* \* \*

### PART D
### MASTERS

1182.  Qualifications of Master
1185.  Appointment to Cases
1187.  Authority of Master
1190.  Stipulations Before Master
1191.  Master's Findings and Recommendation to the Judge

**RULE 1182.   QUALIFICATIONS OF MASTER**

A. **Education, Experience, and Training.**   To **[be eligible to be appointed as a master to]** preside **as a master** over cases governed by the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.,* an individual shall:

   1)  be a member, in good standing, of the bar of this Commonwealth;

   2)  have been licensed to practice law for at least five consecutive years; and

   3)  have completed six hours of instruction, approved by the Pennsylvania Continuing Legal Education Board prior to hearing cases, which specifically addresses all of the following topics:

      a   the Juvenile Act;

      b)  the Pennsylvania Rules of Juvenile Court Procedure;

      c)  the Child Protective Services Law;

      d)  evidence rules and methodology; and

      e)  child and adolescent development.

B. **Continuing Education.  Upon meeting the requirements of paragraph (A)(3),** **[A]a** master shall **thereafter** complete six hours of instruction from a course(s) designed by the Office of Children and Families in the Courts, in juvenile dependency law, policy, or related social science research every two years **[from the initial appointment as master]**.


C. **Compliance.**

   1)  A master shall sign an affidavit attesting that he or she has met the requirements of this rule.

   2)  Prior to **[appointment]presiding** as a master, the **attorney shall send the** affidavit **[shall be sent]** to the President Judge or his or her designee of each judicial district where the attorney is seeking **[appointment]to preside** as a master.


   3)  After submission of the initial affidavit pursuant to paragraph (C)(2), masters shall submit a new affidavit every two years attesting that the continuing education requirements of paragraph (B) have been met.

**Comment**

Pursuant to paragraphs (A)(1) & (2), masters are to be in good standing and have at least five consecutive years of experience as an attorney. It is best practice to have at least two years of experience in juvenile law.

Pursuant to paragraph (A)(3), the initial training program(s) is to be approved by the Pennsylvania Continuing Legal Education Board (Board). The program may be one course or multiple courses with at least six hours of instruction, equivalent to at least six CLE credits. When the Board is approving courses designed to address the requirements of this rule, it should consult with the Office of Children and Families in the Courts to ensure proper course requirements are being met. Additionally, for this initial training course(s), training already provided by the Office of Children and Families in the Courts or the Juvenile Court Judges' Commission may meet the requirements of this Rule.

For continuing education under paragraph (B), masters are to attend six hours of instruction from a course or multiple courses designed by the Office of Children and Families in the Courts. This is to ensure uniform training among masters.

These requirements are additional requirements to the Pa.R.C.L.E. because they mandate specific training in juvenile dependency law. However, the credit hours received do count towards the total maximum required under Pa.R.C.L.E. 105.

Pursuant to paragraph (C), a master is to certify to the court that the requirements of this rule have been met prior to **[the appointment]**presiding as a master, and submit new affidavits every two years thereafter.

**Official Note:** Rule 1182 adopted September 11, 2014, **amended July 13, 2015,** effective **[October 1, 2016] August 1, 2017**.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1182 published with the Court's Order at 44 Pa.B. 6087 (September 27, 2014). **Final Report explaining the amendments to Rule 1182 published with the Court's Order at - Pa.B. - (-).**

6